**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HASSAN ROGERS,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-13-1383** |
| v. : | |
| : | **(Judge Caputo)** |
| **DAVID J EBBERT,** : | |
| : | |
| Respondent : | |

**M E M O R A N D U M**

**I.   Introduction**

Hassan Rogers filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Rogers challenges a disciplinary proceeding held at USP Canaan where he was charged with refusing to obey a program order and refusing a program assignment.  (Doc. 1, Pet.).  Mr. Rogers claims the Disciplinary Hearing Officer's sanction of six months disciplinary segregation, six months loss of privileges, and the loss of twenty-seven days good conduct time are excessive.  (*Id*.)  At the time he filed his petition for writ of habeas corpus, Mr. Rogers was incarcerated at the USP Canaan, in Waymart, Pennsylvania.

The court will dismiss the petition as moot because Mr. Rogers was released from custody on August 15, 2014, via good conduct time release, and thus any relief by way of habeas is no longer available.

**II.	Discussion**

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-43 (3d Cir. 2005).  Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).  Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.  *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982).

The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2 of the United States Constitution.  *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Rendell v. Rumsfeld*, 484 F.3d 236, 240-241 (3d Cir. 2007).   The crucial issue is whether the petitioner can demonstrate the existence of collateral consequences, i.e., "some concrete and continuing injury other than the now-ended incarceration or parole." *Spencer*, 523 U.S. at 7, 118 S.Ct. at 983.  This means that, throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision, must exist*. United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002).  Collateral consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction.  *Spencer*, 523 U.S. at 7-8, 118 S.Ct. at 983.  By contrast, challenges to a the execution of a sentence that has already been served will not be presumed.  *Spencer*, 523 U.S. at 12 - 14, 118 S.Ct. at 985-986.

Respondents have filed a suggestion of mootness citing Mr. Rogers' release from prison. (Doc. 14, Notice of Release — Suggestion of Mootness.) Consequently, Mr. Rogers' petition requesting reinstatement of his good conduct time is moot because he has been released from federal custody. Once Mr. Rogers served his entire term of imprisonment, and was released upon its completion, his good time credits ceased to have any effect "either to shorten the period of supervision or to shorten the period of imprisonment which the inmate may be required to serve for violations of parole or mandatory release." 28 C.F.R. § 2.35(b)(2012); *see also* 28 C.F.R. § 523.2(c). As such, his release eliminates the court's ability to grant him any relief. Under these circumstances, Mr. Rogers cannot demonstrate any continuing collateral consequences or injury now that he has been released. As no live controversy remains, Mr. Rogers' Petition for Writ of Habeas Corpus will be dismissed as moot. *See Scott v. Schuylkill FCI*, 298 Fed. Appx. 202 (3d Cir. 2008).

An appropriate Order follows.

        /s/ A. Richard Caputo
        **A. RICHARD CAPUTO**
        **United States District Judge**

**Date: August   5   , 2015**